

# Missouri Court of Appeals

### Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD38291 |
| | ) | |
| v. | ) | **Filed:  July 22, 2024** |
| | ) | |
| LAURENTISS CORTEZ KENT | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David A. Dolan, Judge

**<u>Affirmed</u>**

Laurentiss Cortez Kent ("Kent") appeals his convictions for domestic assault in the second degree and violation of an order of protection.  In one point relied on, Kent argues the trial court plainly erred in failing to *sua sponte* exclude the testimony of a police officer ("Officer") regarding what Victim told Officer about the assault.  Finding no merit in Kent's point, we affirm the judgment of the trial court.

## Facts and Procedural History

Kent was charged by information with domestic assault in the second degree and violation of an order of protection. A jury trial commenced on June 16, 2023.

During the State's case in chief, Officer testified Victim told Officer that Kent had grabbed and pushed Victim down to the ground. Officer also testified Victim told Officer that Victim and Kent had previously dated, and Kent was upset because Victim had a new boyfriend.

Defense counsel cross-examined Officer and adduced Officer's testimony that Officer had relied on Victim's statements about how the injuries occurred. According to Officer, Victim told Officer that Kent had approached her as she was getting out of her car to go into her mother's house.

Victim testified the assault took place as she left her mother's house and was walking to her car. Victim stated Kent approached her, grabbed her, pulled her to the ground by her hair, and then dragged her several feet over the concrete. On cross-examination, defense counsel pointed out Officer's testimony was in conflict with Victim's as to whether the assault took place when Victim was walking to or from her mother's house.

The jury found Kent guilty as charged. The trial court sentenced Kent to ten years imprisonment for domestic assault in the second degree and to

255 days for violating an order of protection. Kent was given credit for all 255 days of time served.

This appeal followed. In his sole point relied on, Kent argues:

The trial court plainly erred in admitting the testimony of [Officer] about what [Victim] told [Officer] regarding the alleged assault, because this testimony violated [Kent's] right to due process, guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the testimony was hearsay, which improperly bolstered [Victim's] testimony.

## Standard of Review

This Court does not generally review unpreserved claims of error. *State v. Brandolese*, 601 S.W.3d 519, 525 (Mo. banc 2020). Rule 30.20 provides an exception allowing that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." *Brandolese*, 601 S.W.3d at 526 (quoting Rule 30.20).[1] Rule 30.20 makes clear that plain error review is a discretionary, two-step process. *See State v. Minor*, 648 S.W.3d 721, 731 (Mo. banc 2022). The first step is to determine whether the claim of error facially establishes substantial grounds for believing that a manifest injustice or a miscarriage of justice has resulted. *Brandolese*, 601 S.W.3d at 526. Plain errors are those that are evident, obvious, and clear. *Id.* at 531. In the absence of such a determination, an appellate court should decline to review for plain error. *See id.* at 526. If

[1] All rule references are to Missouri Court Rules (2024).

plain error is found on the face of the claim, then this Court may proceed to the second step to determine whether the claimed error resulted in a manifest injustice or a miscarriage of justice. *See* ***State v. Baumruk***, 280 S.W.3d 600, 607 (Mo. banc 2009). To obtain a new trial on direct appeal based on a claim of plain error, the appellant must show the error was outcome determinative. ***State v. Wood***, 580 S.W.3d 566, 579 (Mo. banc 2019).

## Analysis

Kent argues the trial court plainly erred in failing to *sua sponte* intervene and exclude the testimony of Officer as to "what [Victim] told [Officer] regarding the alleged assault" because such testimony was hearsay and improperly bolstered Victim's testimony.

Victim testified at trial about the same subject matter that is challenged in Kent's argument. Victim was available for cross-examination. No prejudice (or manifest injustice) inures where, as here, the challenged evidence is cumulative to other properly admitted evidence. ***Brandolese***, 601 S.W.3d at 536. Moreover, neither prejudice nor a manifest injustice will be found "from the admission of hearsay testimony where the declarant was also a witness at trial, testified on the same matter, and was subject to cross-examination[.]" ***State v. Culpepper***, 505 S.W.3d 819, 830 (Mo. App. S.D. 2016) (internal quotations and citation omitted).

For these reasons, Kent's claim of error fails to facially establish substantial grounds for believing that a manifest injustice or a miscarriage of justice has occurred, and we decline to engage in plain error review. *See Brandolese*, 601 S.W.3d at 526. Kent's point is denied.

## Conclusion

The judgment of the trial court is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MATTHEW P. HAMNER, J. – CONCURS